**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank HORTON, Jr., Defendant-Appellant.**

**No. 73-1629.**

United States Court of Appeals, Eighth Circuit.

Dec. 18, 1973.

---

Justin C. Cordonnier, St. Louis, Mo., for appellant.

Donald J. Stohr, U. S. Atty., and Terry I. Adelman, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and STUART,* District Judge.

PER CURIAM.

Frank Horton, Jr., appeals the denial of his F.R.Crim.P. 35 motion for reduction of sentence. Upon pleading guilty to one count of violating the Dyer Act, 18 U.S.C. § 2313, appellant was sentenced to five years imprisonment, the maximum permissible under the Act. He now urges that the imposition of this sentence was an abuse of the trial court's discretion under our decision in Woosley v. United States, 478 F.2d 139 (8th Cir. 1973). Having reviewed the record, we do not agree and, therefore, affirm.

The winds of change are indeed blowing across the landscape of criminal sentencing, and a trial judge's discretion in the meting out of punishment is no longer completely unfettered. *See* M. Frankel, Criminal Sentences: Law Without Order (1973). As *Woosley* well illustrates, mechanically imposing a maximum sentence defeats the goal of fitting the punishment to the crime and the criminal; it is, in short, no exercise of discretion at all. But here there is no such abuse of discretion.

Although the debate may never end as to the proper purpose of punishment,

Judge REGAN set forth a reasonable theory for imposing the maximum sentence on the appellant who is a prior offender. In denying the Rule 35 motion, the court explained:

> It was the view of the Court in imposing sentence that the confinement should be of sufficient length so that the defendant could gain a salable skill, which is the program outlined for him by the institution, and this objective has been furthered by the nolle pros of the then pending state charge.

The appeal on this record is clearly without merit.

Appeal dismissed.